Merchants Bank v. Patterson, No. 65-1-10 Rdcv (Teachout, J., Feb. 7, 2011)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **RUTLAND UNIT** | **Docket # 65-1-10 Rdcv** |

**MERCHANTS BANK**

**v.**

**DALE PATTERSON et al**

### Order
#### Motion to Enforce Order of Confirmation, filed December 13, 2010

This is a foreclosure case in which Plaintiff Merchants Bank seeks foreclosure on a commercial property in Rutland. Defendant formerly operated a business on the property, and there is another business tenant. Plaintiff is represented by Attorney Elizabeth A. Glynn. Defendant Dale Patterson has actively represented himself throughout the proceeding.

A Judgment and Decree of Foreclosure by Judicial Sale was issued July 14, 2010, providing for a 30 day redemption period by stipulation. Redemption did not occur, and a public auction was held on September 30, 2010 following proper notices of sale and additional publicity initiated by the auctioneer, Thomas Hirchak Company. In the Report of Sale filed October 6, 2010, the auctioneer reported that there were 6 parties qualified and registered to bid. The property was sold for the highest bid of $210,000 to Roger Dumas, who paid a deposit of $10,000 and signed a Sale and Purchase Agreement providing for payment of the balance and other terms.

A Motion for Confirmation was filed, and a confirmation hearing took place on November 1, 2011, attended by Attorney Glynn and Dale Patterson. The court reviewed all procedural requirements and the proposed distribution of proceeds pursuant to 12 V.S.A. § 4533(a) and V.R.C.P. 80.1 (f) and (j). After payment of all expenses, there was a surplus of $3,242.17 due Dale Patterson, which the parties agreed would be held by Attorney Glynn in trust pending resolution of another case between the parties. The Order of Confirmation issued on November 1, 2010.

On December 13, 2010, Plaintiff filed the present Motion to Enforce Order of Confirmation, claiming that the high bidder, Roger Dumas, had refused to complete the sale. The court scheduled a hearing and required Plaintiff to serve Roger Dumas with the Motion, Notice of Hearing, and Entry Order scheduling the hearing. This was done, and on January 14, 2011, Attorney Victor J. Segale filed a limited appearance on behalf of Roger Dumas and Opposition to the Motion. Plaintiff filed a Reply. The hearing was held on January 18, 2011.

Plaintiff argues that Roger Dumas has declined to specify the reason for wanting to back out, but Plaintiff infers that it has something to do with an allegation that there was misleading information in the advertizing of the property for public sale. Plaintiff argues that if Roger Dumas had problems with advertizing as part of the conduct of the public sale, he should have raised them at the confirmation hearing, which he did not attend. Plaintiff concedes that Roger Dumas was not served with the Motion for Confirmation or notice of the confirmation hearing. Plaintiff moves the court to require Roger Dumas to complete the sale, relying on a 1929 South Carolina case cited in Am. Jur. 2d on "Judicial Sales."

Roger Dumas argued first that the court had no personal jurisdiction over him as he is not a party to the case, but the court orally ruled that by bidding at the public sale conducted in accordance with the judgment and decree in this case, Roger Dumas voluntarily subjected himself to the personal jurisdiction of the court. He then argues that since Plaintiff is alleging breach of a contract to purchase property, he must be given due process consisting of the filing of a new case by summons and complaint, so he will have the "opportunity file a defense and counterclaims for negligent misrepresentation, misrepresentation, (civil) fraudulent (mis)representation in the inducement of the bid of Roger Dumas which resulted in the 'contract' the Plaintiff is seeking to enforce, apparently by specific performance."

At the hearing, Plaintiff and Roger Dumas each argued for the court to proceed in the manner each had advocated: Plaintiff wanted to proceed directly with a hearing on its motion to enforce, and Roger Dumas argued that he was entitled to receipt of a full complaint and an opportunity to bring counterclaims. The court considered the effects of each proposed procedure on the interests of third parties involved, including the Defendant Dale Patterson and the other bidders at the judicial sale auction. The court also considered the manner in which each proposed procedure would affect the integrity of the judicial foreclosure process as statutorily prescribed.

Roger Dumas's request to halt the entire judicial sale foreclosure process while an ancillary separate case takes place, based on breach of contract and addressing counterclaims, is not reasonable in view of the statutory process set out for judicial foreclosures, which is straightforward and designed to promote the efficient transfer of property interests so that property may be put to productive use without stagnation. Stopping the foreclosure process to litigate a case within a case would slow down the transfer of property considerably. It would also give high bidders an incentive to decline to pay the balance due and force litigation and attempt to negotiate the price down.

Such a procedure would also prejudice the rights of other bidders, who were apparently ready and willing to purchase, and may have been willing to pay a price close to the high bid. Plaintiff represents that the second highest bid in this case was $207,500. It is not reasonable for Roger Dumas as high bidder to prevent the opportunity of such bidders access to the opportunity to buy the property in a timely manner.

Such a procedure also prejudices the rights of the original defendant. In this case, Dale Patterson appeared at the confirmation hearing, consented to the sale and the distribution of proceeds, and was entitled to a surplus. Plaintiff argues that Dale Patterson, as the debtor on the note and defendant, should continue to be subject to the per diem provided for in the judgment until Plaintiff is fully paid, but Dale Patterson is entirely blameless as to the reason for any delays beyond the Order of Confirmation and should not have his debt increased by the actions of others.

Any delay beyond confirmation was caused by the failure of the Plaintiff to serve Roger Dumas with the Motion for Confirmation and Notice of Hearing on the motion. The confirmation hearing is the opportunity afforded by statute to address all issues and claims with respect to procedural infirmities of the judicial sale process. In order to make sure that any such claims are addressed at this hearing in a timely way, plaintiffs have the opportunity to serve not only the high bidder but other bidders at the sale as well. While neither statute nor rule explicitly requires such service and notice, the statute demonstrates that the hearing is the opportunity to finalize issues related to completing the sale and it is the opportunity for persons affected to raise any issues: "Any person interested may appear or be summoned and heard on such proceedings, and the order of the court confirming the sale shall be conclusive evidence as against all persons that the power was duly executed." 12 V.S.A. § 4533(a). Plaintiffs are the only party with knowledge of who such interested persons, including bidders at the sale, are. If plaintiffs do not serve such interested persons with the motion for confirmation and notice of the hearing, plaintiffs proceed with the risk represented by this case.

Plaintiff's request that the court enforce the confirmation order without giving Roger Dumas opportunity to contest the conduct of the sale is also unreasonable. If Plaintiff had served Roger Dumas with the Motion for Confirmation and Notice of Hearing for the confirmation hearing, any claims that the sale should not be confirmed according to the bid could have been addressed by the court prior to the issuance of a confirmation order. Plaintiff did not do so, thus creating the current situation.

It is not necessary to halt the foreclosure sale and confirmation process to litigate a separate breach of contract case in order to give both Plaintiff and Roger Dumas the opportunity to sort out claims based not on foreclosure procedure but on the Sale and Purchase Contract itself, which was a contract directly between them, not involving the court. This could still occur as a separate suit to allow both parties to address any claims of alleged damages arising out of the contract. It should not, however, be a reason to delay the foreclosure sale and transfer of property. Any contract between the parties is not a required part of the statutory foreclosure process. To the extent such a contract gives rise to obligations and claims between the parties beyond the obligation to complete the sale in accordance with statutory procedure, that is a private matter between the parties, to be addressed in a separate suit between them.

Based on the foregoing considerations, and in order to best protect the interests of all persons affected as well as to further the policy underlying the statutory judicial sale foreclosure procedure, it is hereby ordered:

3

1.  The Order of Confirmation of November 1, 2010 is vacated.

2.  A new hearing on confirmation will be scheduled. Plaintiff shall serve Roger Dumas and all bidders at the sale held on September 30, 2010 with its Motion for Confirmation and the Notice of Hearing of the confirmation hearing and a copy of this Order.

3.  Any claims of procedural infirmities related to the conduct of the sale must be addressed at the confirmation hearing; if not raised then, all persons served with the Motion for Confirmation and Notice of Hearing are precluded from raising them later as a defense to proceeding with the sale.

4.  Defendant Dale Patterson's obligation to Plaintiff is fixed at the figures set forth in the November 1, 2010 confirmation order, and Plaintiff is precluded from collecting from Dale Patterson any additional amounts due or attorney's fees related to this case.

5.  Nothing in this order precludes the parties to the Sale and Purchase Agreement from pursuing any claims arising from that contract in a separate action, to the extent not inconsistent with this ruling.

Dated at Rutland, Vermont this 7th day of February, 2011.

_____
Mary Miles Teachout
Presiding Judge

4